No. 50    May 12, 2014    381

IN THE OREGON TAX COURT
REGULAR DIVISION

Linh Thi TRAN,
Minh Duy Tran,
and Hiing Pham,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5203)

Plaintiffs (taxpayer) appealed from a Magistrate Division decision as to qualification for the senior property tax deferral program. Granting Defendant's (the department's) motion for summary judgment, the court ruled that as taxpayer was not determined disabled by the Social Security Administration and the value of the subject property exceeded the statutory limit set forth in ORS 311.670(2), taxpayer did not qualify for the program.

Submitted on Defendant's Motion for Summary Judgment.

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue (the department).

Linh Thi Tran, Plaintiff, filed a response *pro se*.

Decision for Defendant rendered May 12, 2014.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion for summary judgment filed by Defendant Department of Revenue (the department). The issue is the qualification of Plaintiffs (taxpayer) for deferral of property tax payment obligation under ORS 311.666 to 311.701 by reason of disability.[1]

The record shows that taxpayer made application for the deferral program in April of 2013. Notwithstanding taxpayer's arguments to the contrary, the record shows without question that she had not been determined to be

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

disabled by the Social Security Administration. That is the condition for participation in the deferral program.

In addition, the deferral program is not available if the value of the property in question is above statutory limits found in ORS 311.670(2). Here also, the record shows without question that the value of the property was in excess of the statutory limits. Accordingly, the motion of the department is granted. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's deferred filing fee of $252 is waived.